IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

KEITH ALAN CARSWELL,

      Plaintiff,

  -against-

**CITY OF MIAMI, FLORIDA** a Florida Incorporated Municipality; and **LUIS E. CABRERA**, in his official capacity as Deputy Chief of Police and Acting Assistant City Manager for the City of Miami, Florida; and Individually,

      Defendants.

**Complaint for Employment Discrimination**

Case No.   16CV21493 King/Torres
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☒ Yes    ☐ No
*(check one)*



FILED BY ___ *PE* ___

Deputy Clerk

*Apr 27, 2016*

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Miami

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Keith Alan Carswell |
| Street Address | 3613 East Forge Road |
| City and County | Davie, Broward County |
| State and Zip Code | Florida, 33328 |
| Telephone Number | (305) 299-5780 |
| E-mail Address | KCarswell01@GMail.Com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | City of Miami, Florida, a Florida Incorporated Municipality |
| Job or Title | Attn.: Victoria Mendez, City Attorney |
| Street Address | Office of the City Attorney |
| | 444 SW 2nd Avenue, Suite 945 |
| City and County | Miami, Miami-Dade County |
| State and Zip Code | Florida, 33130 |
| Telephone Number | (305) 416-1800 |
| E-mail Address | VMendez@MiamiGov.Com |

2

Defendant No. 2

| | |
|---|---|
| Name | Luis E. Cabrera, in his Official Capacity and Individually |
| Job or Title | Deputy Chief of Police/Acting Assistant City Manager |
| Street Address | Miami Police Department 400 NW 2nd Avenue |
| City and County | Miami, Miami-Dade County |
| State and Zip Code | Florida, 33128 |
| Telephone Number | (305) 603-6640 |
| E-mail Address | Luis.Cabrera@Miami-Police.Org |

**C.   Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | City of Miami - Department of Solid Waste |
| Street Address | 1290 NW 20th Street |
| City and County | Miami, Miami-Dade County |
| State and Zip Code | Florida, 33142 |
| Telephone Number | (305) 960-2800 |

**II.   Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; see Exhibit "A".

☒   Relevant city or county law:  APM-1-03 - Equal Employment Opportunity; see Exhibit "B".

3

III.    **Statement of Claim**

I, Keith Carswell, African-American, was discriminated against by my former employer, City of Miami ("City"), when I was terminated on May 5, 2014 after complaining about pay disparity amongst employees of different ethnicities who were performing the same duties. The pay disparity involved African-American Solid Waste equipment operators who were paid substantially less than Hispanic automotive equipment operators who were using the same equipment to perform the same duties in the Parks Department. In my position as Director of the Solid Waste Department, I objected to this and other forms of discrimination against African-American employees. Specifically, I also objected to the City's willful and systematic hiring/promotion practices of senior Temporary/Part-Time Employees in the Parks Department which sought to deny African-Americans full-time Grounds Tender positions. It is important to note that these full-time positions denied to African-American employees would have included both retirement and health benefits. This pattern and practice of willful and systematic pay discrimination against African-American Solid Waste equipment operators and the denied hiring/promotion opportunities for senior Temporary/Part-Time Employees in the Parks Department was based solely on their race and national origin.

Because of my advocacy on behalf of African-American employees, I was subjected to a hostile work environment by my immediate supervisor, Luis Cabrera, Deputy Chief of Police Chief & Acting Assistant City Manager. Mr. Cabrera was also the immediate supervisor for the Hispanic Parks Director.  I further believe that the adverse tangible employment action taken against me (my termination) was because of my race, national origin, and in retaliation for my objecting to these discriminatory practices at the City.

Additionally, during my tenure with the City, I complained to the City and Mr. Cabrera of disparity in my own pay as compared to my predecessors and current Directors of Hispanic descent. I believe that the disparity in my pay was due to the above-noted protected categories.  Further, I believe that I have been discriminated against because of my race, Black, national origin, African-American, and Retaliation in violation of Title

4

VII of the Civil Rights Act of 1964, as amended.

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☒ Termination of my employment.
☐ Failure to promote me.
☐ Failure to accommodate my disability.
☒ Unequal terms and conditions of my employment.
☒ Retaliation.
☐ Other acts *(specify)*: _____

B.  It is my best recollection that the alleged discriminatory acts occurred on the following dates:

**June 19, 2013** and **June 20, 2013** (discriminatory interview conducted for Grounds Tender positions); **February 23, 2014** (effective date of collective bargaining agreement to address pay differential that did not fully compensate for historical systemic and willful discrimination against Solid Waste Equipment Operators who are predominately African-American); **March 6, 2014** (Deputy Police Chief Cabrera/Acting Assistant City Manager orders a patrol officer to complete an "incident report" for an alleged workplace violence incident that was being investigated by the Human Resources Department/Labor Division in accordance with APM 1-99 - Workplace Violence; **March 14, 2014** (as a civilian employee, and against standard operating procedures (SOP) #6 for the internal affairs (IA) division, I was summoned to the Anti-Corruption Unit - IA Division and offered a "director's courtesy" to resign); **April 8, 2014** (against SOP #6, in sworn and recorded statements, Mr. Robert T. Williams testifies that Deputy Police Chief Cabrera/Acting Assistant City Manager Cabrera directs him to report an alleged incident of "witness tampering" to IA investigators; **May 5, 2014** (I was terminated based on an IA investigation that did not follow established administrative procedures); and **June 6, 2014** (Hispanic/Male hired as Solid Waste Director with a starting salary of $125,000 versus my final salary of

$112,700.

C.    I believe that defendant(s) *(check one)*:

☐        is/are still committing these acts against me.

☒        is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒        race: I am Black

☐        color

☐        gender/sex

☐        religion

☒        national origin: I am African-American

☐        age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☐        disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows:

In retaliation for objecting to willful and systemic discriminatory practices I witnessed and personally experienced as the City of Miami's (City's) Director for the Solid Waste Department, I was subjected to an Internal Affairs (IA) investigation led by the anti-corruption unit for an "alleged" workplace violence incident that DID NOT adhere to established administrative policy and procedures; see Exhibit "C". The ethically flawed workplace violence investigation by IA was orchestrated by my immediate supervisor, Deputy Chief of Police Luis E. Cabrera, who held the duel position of "Acting" Assistant City Manager. After being hijacked from the established investigative process for allegations of workplace violence, the ultimate goal was my unlawful termination in

retaliation for my objecting to willful and systemic discriminatory practices I witnessed and personally experienced. Deputy Chief of Police Cabrera, with the City's complicity, has a history, beyond reasonable doubt, that establishes a pattern and practice of abuse of power and authority by subverting established administrative policies and procedures to exact his will and influence. Deputy Chief of Police Cabrera's police misconduct, not only violated my civil rights, his actions rose to the level of personal liability and warrant a criminal civil rights investigation for suborning perjurious statements from his close associate, alleged rapist and IA corroborating "star" witness, Mr. Robert T. Williams, Operations Superintendent, Department of Solid Waste; see Exhibit "D" and Exhibit "E".

Additionally, because of my advocacy on behalf of African-American employees, and my expressed concerns relative to my very own compensation, I was subjected to a hostile work environment by Deputy Chief of Police Cabrera. I further believe that the adverse tangible employment action taken against me (my termination) was because of my race, national origin, and in retaliation for my objecting to the discriminatory practices at the City. Specifically, I objected to the pay disparity between African-American Solid Waste Equipment Operators who were paid substantially less than the largely Hispanic Automotive Equipment Operators in the Parks Department; the equipment operators were using the same equipment to perform the same duties for their respective departments. I objected to the City's willful and systematic discriminatory hiring/promotion practices for senior temporary/part-time employees in the Parks Department which sought to deny African-Americans full-time Grounds Tender positions. The full-time positions denied to African-American employees would have included both retirement and health benefits. Also, Deputy Chief of Police Cabrera was the immediate supervisor for the Hispanic/male Parks Director who created temporary positions and hired Deputy Chief of Police Cabrera's half-brother and sister-in-law; they were recent arrivals from Cuba, the positions were not advertised, the applications did not disclose the relationships as required by City policy, and the hiring's (nepotism) were yet another example of Deputy Chief of Police Cabrera's abuse of power and authority to circumvent established administrative procedures to exact his will. Finally, I objected to being severely underpaid when compared to my historical predecessors and relative to

7

my current peer directors; the pay disparity remained throughout my tenure despite my outstanding job performance, or any other objective compensation criteria. It should be noted that the Hispanic/male that replaced me as Solid Waste Director is being paid significantly more than my final salary.

Attached as Exhibit "F", you will find a copy of my charge of discrimination filed with the U.S. Equal Employment Opportunity Commission.

**IV.     Exhaustion of Federal Administrative Remedies**

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on August 18, 2014.

B.     The Equal Employment Opportunity Commission *(check one)*:

☐     has not issued a Notice of Right to Sue letter.

☒     issued a Notice of Right to Sue letter, which I received on February 1, 2016; see Exhibit "G".

V.     Relief

Aside from a period of having no income due to my unlawful termination, I incurred attorney fees and depleted my savings. The process leading to my unlawful termination did not adherence to established administrative policies and procedures and was also in retaliation for my complaining about discriminatory practices I observed and was subjected to. Additionally, Deputy Chief of Police/Acting Assistant City Manager Cabrera's discriminatory action rose to the level of personal liability.

Based on the above, I seek the following damages and/or relief: Name Clearing Hearing at a Civil Service Board meeting of my choosing; removal from my personnel file the workplace violence investigation conducted by the anti-corruption unit of the Miami Police Department; removal from my personnel file the workplace violence investigation conducted by the Human Resources Department/Labor Division; classification as an

8

eligible re-hire former employee; and ~~the~~ *maximum amount as permitted by law.*

**VI.** **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.** **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 27 , 2016

Signature of Plaintiff _____

Printed Name of Plaintiff     Keith A. Carswell

# Exhibit "A"

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Keith Carswell<br>3613 E. Forge Road<br>Davie, FL 33328 | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2014-04818 | George W. Ruggiano,<br>Investigator | (305) 808-1805 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____

Ozzie L. Black,
Acting District Director

JAN 2 8 2016

Enclosures(s)

(Date Mailed)

cc: **Charging Party's Representative**
Valerie Lewis Kriffin, Esq.
VALERIE LEWIS KRIFFIN, P.A.
401 N.W. 7TH Avenue
Ft. Lauderdale, FL 33311

**Respondent's Representative**
Angela Roberts
EODP Administrator
CITY OF MIAMI
Equal Opportunity/Diversity Programs Division
444 S.W. 2nd Avenue., Room 642
Miami, FL 33130

**Exhibit "B"**

**POLICY NUMBER:**

**APM- 1 - 03**

DATE:

**1- 14-13**

ISSUED BY:

*Johnny Martinez*
City Manager/Designee

SIGNATURE



# CITY OF MIAMI

**ADMINISTRATIVE
POLICY**

| | REVISIONS | |
|---|---|---|
| **REVISED SECTION** | | **DATE OF REVISION** |
| Created | | 2/26/2003 |
| Revised | | 1/22/2010 |
| Revised | | 7/13/2012 |

**SUBJECT:**               **Equal Employment Opportunity**

**Purpose**

All employees have the right to work in an environment free from all forms of discrimination and conduct considered to be harassing, coercive or disruptive. It is the City of Miami's ("City") position that, discrimination or harassment based on race, color, age, national origin, religion, gender, pregnancy, disability, marital status, familial status, sexual orientation, or retaliation for reporting the same, is a form of misconduct that undermines the integrity of the employment relationship and the provision of services to citizens. These acts also constitute unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Equal Pay Act of 1963; the Rehabilitation Act of 1973; the Americans with Disabilities Act of 1990; the Florida Civil Rights Act; and Chapter 11A, Article IV of Miami-Dade County Ordinance No. 97-17.

**Policy
Statement**

The City is an equal opportunity employer and promulgated this policy as part of its continuing effort to maintain a work environment free from unlawful discrimination. This policy, along with the Policy Statement on Sexual Harassment, (APM 3-81), constitutes the City's Equal Employment Opportunity Statement.

It is the policy of the City to prohibit discrimination in hiring, promotion, compensation, discharge, and all terms and conditions of employment on the basis of an individual's race, color, age, national origin, religion, gender, pregnancy, disability, marital status, familial status, sexual orientation or any retaliation for reporting the same. Employees are encouraged to report instances of discrimination, as well as acts of retaliation against any employee for reporting incidents of discrimination, participating in any investigation of complaints of discrimination, or otherwise opposing acts of discrimination.

In addition to harassment by fellow employees, the City does not condone

---

Administrative Policy Manual                                                                                  Page 1 of 6

harassment by the public or other non-employees, and it will take appropriate action to the extent of the City's control or legal responsibility with respect to such non-employees.

**Definitions**

1. "Harassment" for the purpose of this policy refers to any harassment on the basis of race, color, age, national origin, religion, sex, pregnancy, disability, marital status, familial status or sexual orientation.

2. "Discrimination" for the purpose of this policy refers to any discriminatory practices or conduct that are based upon race, color, age, national origin, religion, sex, pregnancy, disability, marital status, familial status or sexual orientation.

3. "Supervisors" for the purpose of this policy refers to employees with supervisory responsibilities over other employees, (i.e., elected officials and appointed staff, including the City Manager, City Officers, Department Directors, first line supervisors, etc.).

**Administration and Responsibility**

1. The Office of Equal Opportunity and Diversity Programs ("EODP") is responsible for the investigation of any harassment/discrimination complaints as defined in this policy. Any questions regarding this policy are to be directed to:

> Office of Equal Opportunity and Diversity Programs
> 44 S.W. 2nd Avenue, Suite 642
> Miami, Florida 33130
> Phone: (305) 416-1990
> Fax: (305) 416-1995

2. EODP is charged with the responsibility of developing and implementing instructional programs for the purpose of ensuring that officials and employees clearly comprehend the fact that discrimination and harassment in City government is illegal and will not be tolerated.

3. All supervisors are charged with the responsibility of taking reasonable precautions to ensure that all departments are free from discrimination and harassment and to take corrective measures when necessary and appropriate.

4. The City will not ask a job applicant about the existence, nature, or severity of a disability. Applicants may be asked about their ability to

perform specific job functions. Medical examinations or inquiries may be made, but only after a conditional offer of employment is made and only if required of all applicants for the position.

5. The City will make reasonable accommodations for the known physical or mental limitations of a qualified applicant or employee with a disability upon request unless the accommodation would cause an undue hardship on the operation of the City's business. If an applicant or an employee requests a reasonable accommodation and the individual's disability and need for the accommodation are not readily apparent or otherwise known, the City may ask the individual for information necessary to determine if the individual has a disability-related need for the accommodation.

6. The City will maintain any employee's medical records separate from personnel files and keep them confidential.

7. The City will make an individualized assessment of whether a qualified individual with a disability meets selection criteria for employment decisions. To the extent the City's selection criteria have the effect of disqualifying an individual because of disability, those criteria will be job-related and consistent with business necessity.

8. Upon issuance of this policy, it shall be the responsibility of all Department Directors to initially distribute this policy to all current employees. Furthermore, employees shall be advised of their rights to resolve complaints involving discrimination and harassment with EODP, the United States Equal Employment Opportunity Commission, the Florida Commission on Human Relations, or the Miami-Dade County Equal Opportunity Board. The employee is required to sign and retain a copy of the "Acknowledgment of Receipt Form" for this policy and shall return the original signed form to their Department Director, or designee, who will forward the original signed form to the Department of Human Resources for placement in the employee's personnel file.

9. New employees shall be given a copy of this policy and sign the "Acknowledgement of Receipt Form" at the time of orientation. The Department of Human Resources shall retain the original signed form to be placed in the employee's personnel file and provide a copy of the form to the new employee. EODP will emphasize this policy during orientation.

City of Miami                                                    APM 1-03: Equal Employment Opportunity

**Management**          A high standard of honesty, integrity, impartiality, and conduct by City
**Responsibility**      employees is essential for the effective performance of the City's business
                        and the maintenance of citizens' confidence in government.

Any discrimination or harassment constitutes employee misconduct, which undermines the integrity of the employment relationship, and is an illegal act. All employees must be allowed to work in an environment free from discrimination or harassment.

Upon reasonable notice, management is required to take appropriate action against acts of discrimination and harassment. Specifically, the supervisor shall refer the complaining employee to EODP and will inform the employee being accused of the alleged discrimination or harassment that a complaint was made. When informing the accused employee, the supervisor shall remind the employee that the alleged behavior will not be tolerated and that an investigation will be conducted. The supervisor shall contact EODP, to give notice of the complaint as well.

It shall be a violation of this policy for any employee, or applicant for employment, to be harassed or discriminated against on the basis of race, color, age, national origin, religion, gender, pregnancy, disability, marital status, familial status or sexual orientation.

**Violations of this policy will be cause for disciplinary action, up to and including termination.**

---

**Complaint**        A. An applicant or employee who feels that he/she was discriminated
**Procedure**           against or harassed on the basis of race, color, age, national origin,
                        religion, gender, pregnancy, disability, marital status, familial status,
                        sexual orientation or has been sexually harassed may file a complaint
                        with EODP.

B. The EODP staff shall meet with the employee and formalize the complaint before it is officially filed.

C. EODP shall notify the Department Director, who shall be required to respond to the allegations and to make available all necessary records, documents and/or employees.

D. EODP shall investigate any alleged violations of this policy, including taking sworn statements, and will issue a "Letter of Determination" to the complainant, the Department Director, and the City Manager.

E. EODP shall respond to complaints or charges received from the United States Equal Employment Opportunity Commission, Florida Commission on Human Relations, or the Miami-Dade County Equal

Opportunity Board, and shall provide notice as set forth in sections B and C above. Said response shall include the submission of a position statement on behalf of the City to the appropriate entity.

---

**Non-Retaliation**

Retaliation against employees who file discrimination/harassment charges or assist or participate in any investigation of such charges is **prohibited**. No employee shall be adversely affected in the terms and conditions of their employment, nor discriminated against for filing or participating in the investigation of such a complaint.

Any employee or supervisor, who condones, engages, or attempts to engage in retaliation against another employee for filing or participating in the investigation of such a complaint will be subject to disciplinary action up to and including termination. Similarly, any City Officer or Department Director who condones such retaliation or who allows an atmosphere of retaliation or intimidation to exist in any department will be subject to disciplinary action, up to and including dismissal.

---

**Notification**

This policy shall be made readily available to all elected officials, appointed staff and City employees. Copies shall be available on the City website by the Department of Human Resources /Labor Relations Division.

For further information, assistance, or to file a complaint alleging discrimination/harassment, please contact the Office of Equal Opportunity and Diversity Programs, 444 S.W. 2nd Avenue, Suite 642, Miami, Florida 33130 at (305) 416-1990.

---

# City of Miami
# Equal Employment Opportunity

## Acknowledgement Receipt Form

I hereby acknowledge that I have received a copy of APM 1-03 Equal Employment Opportunity policy and that I have kept one copy of the receipt form and policy in my possession. Furthermore, I have read said policy and agree to abide by the provisions set forth therein for the duration of my employment with the City of Miami. I understand that violations of APM 1-03 may lead to disciplinary actions, up to and including termination.

Employee's Signature: _____

Print name: _____

Date: _____

Social Security #: _____

Exhibit "C"

**POLICY NUMBER:**

**APM-1-99**

**ISSUED BY:**
**Pedro Hernandez**
City Manager/Designee

SIGNATURE



# CITY OF MIAMI

**ADMINISTRATIVE POLICY**

| DATE: September 24, 2008 | |
|---|---|
| **REVISIONS** | |
| **REVISED SECTION** | **DATE OF REVISION** |
| Created | 9/23/99 |
| Revised | 1/25/01 |
| Revised | 3/3/03 |
| Revised | 10/19/06 |
| Revised | 08 - 2008 |

Page 1 of 3

**SUBJECT:**  **WORKPLACE VIOLENCE**

---

**Purpose:**  To define behaviors that lead to workplace violence, The reporting process to follow, and the employees' role and management's role in the reporting process.

### The Policy will be as Follows:

It is the City of Miami's goal, with full support of management, to establish and maintain a safe workplace that requires a policy of *zero tolerance* toward violent behavior or the *threat* of such behavior by any employee.

## I. For the purpose of this policy, "violent behavior" is defined as:

**A. Use of physical force** with the intent to cause harm.

**B. Acts or threats** in any form or manner, which a reasonable person would perceive as an intent to cause bodily harm or an intent to cause the fear of bodily harm.

**C. Sabotage** – The intentional damage of City-owned or personal property, or acts intended to cause such property to fail to operate, or to operate improperly; or the movement or concealment of such property with the intent of interfering with the ability of the owner or authorized user to locate it.

Violence, or the threat of violence, by any employee, against any other employee or customer, is unacceptable and will subject the perpetrator to serious disciplinary action up to and including dismissal and possible criminal charges.

## II. Possession of Firearms or Personal Weapons

Employees are prohibited from possessing any firearms or personal weapons on City premises, in City vehicles, or in private vehicles on City property, unless the possession of a firearm is an approved requirement of the job, or as otherwise specifically authorized by law.

| APM 1-99 | Page 2 of 3 |

### III. Employee Responsibility

Employees who receive a threat should not confront or respond to the perpetrator. Instead they should follow the reporting process noted below. Employees who have knowledge of violent behavior in the workplace must report the incident(s) through the proper reporting procedure below. Employees who report these incidents will at no time be subjected to any form of retaliation.

### IV. Reporting Process

A. In an emergency always dial 911 first. If the situation occurred at the Miami Riverside Center (MRC) also contact the MRC Building Security at 305-416-1040.

B. In non-emergency situations during business hours always report the incident to your supervisor first.

C. If the non-emergency incident occurred after business hours call Employee Relations at 305-416-2060 to report the incident. Also report the incident to your supervisor the next business day.

D. Supervisor will complete the Workplace Violence Intake Form and will provide a copy to the employee and to the Department of Employee Relations, Labor Relations Division by the end of the work day.

E. The Labor Relations Division will then investigate the incident and will provide a copy of the Workplace Violence Intake Form and all related material to the Miami Police Department Investigations Division if a criminal action took place.

F. If criminal action took place, the Labor Relations Division will inform the supervisor and the victim that the matter was turned over to the Miami Police Department Investigations Division for further action.

G. The Police Department will continue its investigation and will contact the Labor Relations Division, the employee's supervisor and the employee within 90 days to advise of outcome.

H. If there is no criminal action found the Labor Relations Division will resume administrative review and/or investigation.

| APM 1-99 | Page 3 of 3 |

## V. Personal Threats

Employees who are involved in a personal dispute with family members, significant others, or neighbors and do not feel safe at work should:

**A.** Notify their supervisor who will complete the Workplace Violence Intake Form.

**B.** Employees who apply for or obtain a restraining order, which lists City of Miami locations as protected areas, must provide a copy of the order to the Department of Employee Relations, Labor Relations Division, the Building Manager (if employee is located at MRC), and to the employee's Department Director.

## VI. Management's Role

**A.** Once the Supervisor is notified, it is his/her duty to notify the Department Director. Additionally, the supervisor will notify the Department of Employee Relations, Labor Relations Division by calling 305-416-2060.

**B.** Supervisors are to keep personal incidents confidential and are to support and guide their employees when going through the reporting process.

**C.** Supervisors may contact the Department of Employee Relations, Labor Relations Division at 305-416-2060 should they have any additional questions.

## VII. Additional Resources

Employees who experience any of these situations may, at the employee's own will (voluntarily), contact the Employee Assistance Coordinator at 305-416-2129 to inquire about support that may be provided by the Employee Assistance Program (EAP). EAP programs often assist employees, confidentially, in coping with emotions they may have suffered during threatening situations.

## City of Miami Workplace Violence Incident Report

### Part I

| Incident type: Threats   Violent Behavior   Battery   Domestic Violence   Stalking | Incident date: | Incident time: |
|---|---|---|
| Person taking report: | Reporting date: | Reporting time: |
| Incident location: | | |
| Person reporting: | Reported by:   Telephone   Person   Writing | |

| Victim's name: | City employee:   Yes   No | |
|---|---|---|
| Department /Pos. Title: | Vic. D.O.B.: | Gender: Male   Female |
| Injuries:   Yes   No   FR#: | Hospital: | |
| Description of Injuries: | | |
| Bus. Phone: | Res. Phone (if not employee): | |
| Res. Address (if not employee): | City: | State:   Zip: |
| Work address: | City: | State:   Zip: |

| Name of Perpetrator: | City employee:   Yes   No | |
|---|---|---|
| Department/ Pos. Title: | D.O.B.: | Gender: Male   Female |
| Bus. Phone: | Res. Phone (if not employee): | |
| Res. Address (if not employee): | City: | State:   Zip: |
| Work address: | City: | State:   Zip: |

| Name of Witness: | City employee:   Yes   No | |
|---|---|---|
| Department /Pos. Title: | D.O.B.: | Gender: Male   Female |
| Bus. Phone: | Res. Phone (if not employee: | |
| Res. Address (if not employee): | City: | State:   Zip: |
| Work address: | City: | State:   Zip: |

| Name of Witness: | City employee:   Yes   No | |
|---|---|---|
| Department /Pos. Title: | D.O.B.: | Gender: Male   Female |
| Bus. Phone: | Res. Phone (if not employee: | |
| Res. Address (if not employee): | City: | State:   Zip: |
| Work address: | City: | State:   Zip: |

## City of Miami Workplace Violence Incident Report

### Part II

**Victim's Name/Pos. Title:**

**Description of incident:**
Describe what happened immediately prior to the incident that caused it to manifest into the violence. Describe any specific language of the threat. Was there physical contact and describe the contact. How did the threat maker appear? Who else was involved and what actions did they take? How did the incident end? What event(s) triggered the incident? Any history leading up to the incident?

**Weapon: Yes    No        Description:**

**Action taken:** Called Police        called security    Separated        Transfer        Management notified

**Risk Mgt notified**

**Referrals:**        EAP / Fitness for Duty        Medical        For victim?        For Perpetrator?

**Was employee acting out of character:  Yes        No        If so explain:**

**Behavior & Emotional State:** Verbally aggressive/Abusive language    Threatening    Intense, uncontrollable anger    Vandalism / Phys acting out    Hyper/agitated    Violent / Phys assault    Fearful    Erratic

**Previous behavioral history:**  Verbally aggressive/Abusive language    Threatening    Intense, uncontrollable anger    Vandalism / Phys acting out    Hyper/agitated    Violent / Phys assault    Fearful    Erratic

**Are fellow employees afraid of employee?  Yes    No    Previous history of related incidents or violence?  Yes    No        Explain:**

**Does alcohol or drug use appear to be a factor in this incident?  Yes        No**

**Is there any evidence of work related, health, or personal problems that may have contributed to this incident?  Yes        No**

**If so explain:**

**Current employment status of employee?**        Part time        Full time        Relieved w/pay
                                                    Relieved wo/pay

**Disciplined:  Yes    No**                        **Type:**

## City of Miami Workplace Violence Report of Investigation

Page: _____

| Victim's name/ Pos. Title: | Incident type: |
|---|---|
|  |  |

**Description of incident continued:**

Exhibit "D"



LAW OFFICES

# VALERIE KIFFIN LEWIS, P.A.

A PROFESSIONAL ASSOCIATION

401 NORTHWEST 7TH AVENUE (AVENUE OF THE ARTS)
FORT LAUDERDALE, FLORIDA 33311
TELEPHONE (954) 252-3400
FACSIMILE (954) 527-2227
www.employmentlawjustice.org
email: valerie@employmentlawjustice.org

May 5, 2015

*Via Certified Mail, Return Receipt Requested*
# 7000 0520 0018 3171 2337

George L. Piro
Special Agent in Charge
Federal Bureau of Investigation
2030 SW 145th Avenue
Miramar, FL  33027

> Re:  **Our Client:**       **Keith Carswell**
>      **Former Employer:**  **City of Miami**
>      **Subject:**          **Criminal Civil Rights Complaint Against**
>                            **Police Chief Luis E. Cabrera**

Dear Special Agent in Charge Piro:

Please be advised that the undersigned counsel represents **KEITH CARSWELL** as it relates to the above-referenced matter.

Enclosed please find correspondence from our client, Mr. Carswell, that clearly outlines his claims against his former supervisor, Luis E. Cabrera, and specifically sets forth substantial facts and information to challenge his unlawful and discriminatory termination from the City of Miami.  As noted in Exhibit "A" to Mr. Carswell's letter, a Charge of Discrimination has already been filed with the Miami District EEOC office, and is pending investigation at this time. However, due to the serious nature of Luis E. Cabrera's actions, his breach of City policies and procedures, coupled with his malicious and discriminatory intent to remove Mr. Carswell from his then position as Director for the Solid Waste Department, Mr. Carswell deems it not only appropriate, but essential to file this formal Complaint against Luis E. Cabrera with your office. Mr. Cabrera's unlawful and unwarranted actions led to Mr. Carswell's removal from a position for which he not only deserved, but through which he had demonstrated qualities of leadership and the potential for a most promising career with the City.

George L. Piro
Re:    *Criminal Civil Rights Complaint Against Police Chief Luis E. Cabrera*
May 5, 2015
Page -2-

---

After careful review of Mr. Carswell's correspondence, he is certain that you, too, will acknowledge that Mr. Cabrera's actions rise to such a serious level and degree that a review concerning any criminal civil rights violations is warranted.   If you require any additional information or documentation that will assist you in your review of this matter, please do not hesitate to contact me directly.   We look forward to your thoughtful review of this matter, and thank you in advance for your timely consideration and response.

Very truly yours,

**VALERIE KIFFIN LEWIS, P.A.**

Valerie Kiffin Lewis, Esquire

cc:    Client: Keith Carswell
       File

*Keith A. Carswell*
*3613 East Forge Road*
*Davie, Florida 33328*


**Via e-mail & US Mail**


May 14, 2015


Mr. George L. Piro, Special Agent in Charge
Federal Bureau of Investigation
2030 SW 145th Avenue
Miramar, FL 33027

**RE:   Criminal civil rights complaint against City of Miami's Deputy Police Chief Luis E.
Cabrera.**

Dear Special Agent in Charge Piro:

Let me be perfectly clear that I **DID NOT** assault, batter or threaten Mr. Devell King on March 6, 2014.
Video surveillance I provided to the City of Miami Police Department's Internal Affairs Division – Anti-
Corruption Unit, to support my innocents, **DOES NOT** depict me "moving towards and in front of Mr.
Devell King" as stated in the bogus Internal Affairs (IA) workplace violence (WPV) report.  Further,
based on IA's standard operating procedures for investigations, both witnesses lacked credibility, were
clearly motivated against me and there was no physical evidence.  In short, I am totally innocent of the
false charges made against me, and any statement to the contrary is untrue.

Because of my advocacy on behalf of African-American employees, I was, among other things, subjected
to a hostile work environment by my immediate supervisor, Mr. Luis E. Cabrera, who held a duel position
with the City of Miami (City) as Deputy Police Chief *and* "Acting" Assistant City Manager.  The hostile
work environment was despite my stellar performance as Director for the Solid Waste Department and
had a basis in my objection to various forms of willful and systemic discrimination against African-
American employees relative to Hispanic employees in the Parks Department; see **Exhibits "A."**  Deputy
Police Chief Cabrera was also the immediate supervisor for the Hispanic/male Parks Director who created
temporary positions and hired Deputy Police Chief Cabrera's half-brother and sister-in-law who recently
arrived from Cuba; the positions were not advertised, the relationships were not disclosed on the
employment applications as required, and were yet another example of Deputy Police Chief Cabrera's
abuse of power and authority to circumvent established administrative procedures to exact his will.
Because of my race, national origin and in retaliation for my objecting to various discriminatory practices,
as a civilian employee, I was subjected to an IA WPV Investigation that should clearly have been found to
be UNSUBSTANTIATED because:

---

*Criminal* civil rights complaint against Deputy Police Chief Luis E. Cabrera.          Page 1 of 4

1)      Mr. Robert T. Williams, IA's corroborating "star" witness, is an alleged rapist who admitted that he lied during the investigation, was biased against me and the *Miami-Dade State Attorney's Office (SAO)* determined that he **WAS NOT** a credible witness;

2)      Mr. Devell King, the complaining witness, was biased against me, lied to distract from his poor work performance, made other allegations of workplace violence against supervisors that were determined to be "unsubstantiated" and according to the Director for Human Resources, he was **"MENTALLY UNSTABLE"** which prompted her to direct her staff to take Mr. King to a facility for overnight stay and psychiatric evaluation a few weeks prior to my unlawful termination;

3)      There is **NO PHYSICAL EVIDENCE** to corroborate the false charge made by the complaining witness who provided **CONTRADICTING STATEMENTS** of the alleged incident;

4)      The IA WPV investigation was orchestrated by Deputy Police Chief Cabrera, *godson of Miami Mayor Tomas P. Regalado*, who has a pattern and practice for abuse of power and authority as evidenced by nepotism in the Parks Department and his retaliatory filing of workplace violence charges against Ms. Yamilet Moreno.  Ms. Moreno is a temporary employee in the Parks Department who used various public forums to complain about the hiring of Deputy Police Chief Cabrera's relatives; and

5)      Deputy Police Chief Cabrera's continued abuse of power and authority whose actions to initiate an IA Investigation of a civilian employee for an alleged workplace violence incident **DID NOT** follow established administrative procedures, was outside the scope of his authority, a rush to judgment and **may have involved his suborning perjury**.

**The IA WPV investigation was a continuation of Deputy Police Chief Luis E. Cabrera's willingness to abuse his power and authority by initiating a workplace violence investigation against a civilian employee as confirmed by Mr. Devell King (complaining witness) and Mr. Robert Williams (alleged rapists and IA's corroborating "star" witness) during sworn and recorded statements.**

In sworn and recorded statements on **March 19, 2014** that weren't included in the IA WPV Report, Mr. Devell King stated that Deputy Police Chief Cabrera told the officer on the scene to do a report as the officer on the scene was not going to do a report.  Mr. King further states that Deputy Police Chief Cabrera was insistent on having a report placed on his desk this afternoon or today!  During the interview, Sargent George Law did not challenge or question contradictions in Mr. King's sworn and contemporaneous written statements that he provided which weren't supported by video surveillance I provided to IA as evidence of my innocence and appeared to coach Mr. King when he went off script.

In sworn and recorded statements on **April 8, 2014**, Mr. Robert T. Williams alleged I summoned him to my office to review an e-mail from Deputy Police Chief Cabrera which requested that Mr. William's position and that of an Assistant Director, Solid Waste Department, be posted.  After conferring with Deputy Police Chief Cabrera during an open IA investigation, Mr. Williams states that he was advised that the incident was "witness tampering" and Deputy Police Chief Cabrera directed him to report the incident to IA.  While the IA WPV Report notes the alleged incident, the report fails to mention Mr. Williams' sworn and recorded statement reveled that Deputy Police Chief Cabrera advised him that I was allegedly "witness tampering" and directed him to report the matter to IA as part of an open investigation. **Mr. Williams' mention of the directive from Deputy Police Chief Cabrera to IA was a willful attempt to influence the outcome of a criminal investigation and Deputy Police Chief Cabrera's violation of departmental orders and administrative procedures rose to the level of personal liability and constituted a criminal violation of my civil rights.** Additionally, in a culture mindful of

---

*Criminal* civil rights complaint against Deputy Police Chief Luis E. Cabrera.                    Page 2 of 4

rank and protocol, the IA WPV report curiously never refers to Mr. Luis Cabrera by his official title of Deputy Police Chief.

**The IA WPV investigation has a procedural problem.**

*APM-1-99 (WORKPLACE VIOLENCE)* provides the protocol for investigating **ALL** workplace violence allegations and said investigation was underway with the **Labor Relations Division of Human Resources**. After IA hijacked the investigation from **Labor Relations**, the *Miami-Dade State Attorney's office* declared that IA's alleged rapist and corroborating "star" witness lacked credibility and sent the file back; this investigation should have resumed with **Labor Relations**. On page 2 of 3, the Reporting Process is noted as follows:

> **H.**    **If there is no criminal action found the Labor Relations Division *will* resume administrative review and/or investigate.**

This is a procedural problem that further taints this unfair investigative process.

**The IA WPV Investigation was a rush to judgement and ethically tainted.**

On March 14, 2014, Sargent George Law summoned me to the IA Office. In attendance were Major Jorge Colina – Public Corruption Unit-Internal Affairs and Lieutenant David Ramras. Major Colina advised me that Mr. Williams had admitted that he lied to sworn officers on March 6, 2014 and that he was now willing to testify that I did touch Mr. King. I was told that they believed Mr. King and Mr. Williams and they offered me a "director's courtesy" to resign my job. Mind you, they had not taken a sworn statement from me or any other witnesses from whom they later took statements. It was unethical and **against IA's standard operating procedures** for Sgt. Law, Major Colina and Lieutenant Ramras to first determine that I was guilty, and after I declined their "offer" to resign, then proceed with the charade of a fair and impartial investigation (Let's hang him by a noose and then give him a fair trial). Then even after the *Miami-Dade State Attorney's office* told them that their alleged rapist and corroborating "star" witness was not credible, they still plowed forward to substantiate this baseless charge from individuals committing perjury. Remember, that Mr. William admitted lying to sworn officers that I **DID NOT** touch Mr. Devell King. With no physical evidence or other credible witnesses to corroborate his lies, how did IA determined who to believe? Did they flip a coin, draw to the short straw, or just select the story that fit their predetermine decision that I was "guilty"? Either way, **based on standard operating procedures for IA, Mr. William's false and maliciously untrue sworn statements should have been referred to the State Attorney's Office.**

**Conclusion:**

I believe it is important to note that Deputy Police Chief Luis E. Cabrera is second in command of the City of Miami Police Department and was widely believed, during the time of the investigation, to be the replacement for retiring Police Chief Orosa. Deputy Police Chief Cabrera is a product of a police department management team that has engaged in a pattern and practice that is under a federal consent decree. Further, on July 9, 2013 the U.S. Department of Justice/Civil Rights Division (DOJ) made a determination of "reasonable cause" that the City of Miami Police Department has a challenge with constitutional policing. On April 13, 2015 the Miami Herald published a report which noted Miami's efforts in stonewalling settlement efforts with the DOJ relative to police shootings and **Major Jorge Colina was recently promoted to Assistant Chief of Police**. Consequently, I think it is reasonable to assume that Deputy Police Chief Cabrera brought all of his biases against African-Americans to the civilian side of the City, as Acting Assistant City Manager, from a police department that has a

troublesome history of engaging in racial discrimination, devaluing the lives of African-Americans, in general, and African-American males, in particular. I believe Deputy Police Chief Cabrera's misconduct, **which may have entailed suborning perjury**, rose to the level of personal liability and constituted criminal civil rights violations; therefore, I am submitting a formal complaint and respectfully requesting a full and through investigation at which time, **though my counsel**, I will provide supporting documentation that will prove, beyond a reasonable doubt, the referenced allegations.

Sincerely,

Keith A. Carswell

Cc:     Ms. Valerie Kiffin Lewis, Esq.
        Valerie Kiffin Lewis, PA
        401 NW 7th Avenue
        Ft. Lauderdale, FL 33311-8134

        vklewislaw2@aol.com

        Mr. H.T. Smith, Esq
        HT Smith, PA
        1017 NW 9th Court
        Miami, Florida 33136

        Wilfredo A. Ferrer
        United States Attorney
        Southern District of Florida
        99 NE 4th Street
        Miami, FL 33132

        Ms. Jacqueline Gabriel, Supervisor
        US Equal Employment Opportunity Commission –
        Miami District Office
        100 SE 2nd Street, Suite 1500
        Miami, Florida 33131

        Mr. George W. Ruggiano, Investigator
        US Equal Employment Opportunity Commission –
        Miami District Office
        100 SE 2nd Street, Suite 1500
        Miami, Florida 33131

        Ms. Cathleen S. Trainor
        Trial Attorney
        United States Department of Justice
        Civil Rights Division
        Special Litigation Section
        950 Pennsylvania Avenue NW
        Washington, DC 20530

Exhibit "A"

*Keith Carswell*
*3613 East Forge Road*
*Davie, Florida 33328*

Via E-Mail & US Mail

December 3, 2014

Jacqueline Gabriel, Supervisor
U.S. Equal Employment Opportunity Commission
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, FL 33131

> RE:  **Charging Party:**  Keith Carswell
> **Respondent:**  City of Miami
> **EEOC Charge No.:**  510-2014-04818C

Dear Ms. Gabriel:

Please accept this as a supplement and/or amendment to my initial Charge of Discrimination dated August 18, 2014. I am respectfully amending my charge to include my claim of retaliation for objecting to discrimination I witnessed against African-American Solid Waste equipment operators (Please see Exhibit "A"). As previously noted, I, Keith Carswell, African-American, was discriminated against by my former employer, City of Miami ("City"), when I was terminated after complaining about pay disparity amongst employees of different ethnicities who were performing the same duties. The pay disparity involved African-American Solid Waste equipment operators who were paid substantially less than Hispanic automotive equipment operators who were using the same equipment to perform the same duties in the Parks Department. In my position as Director of the Solid Waste Department, I objected to this and other forms of discrimination against African-American employees. Specifically, I also objected to the City's willful and systematic hiring/promotion practices of senior Temporary/Part-Time Employees in the Parks Department which sought to deny African-Americans full-time Grounds Tender positions. It is important to note that these full-time positions denied to African-American employees would have included both retirement and health benefits. This pattern and practice of willful and systematic pay discrimination against African-American Solid Waste equipment operators and the denied hiring/promotion opportunities for senior Temporary/Part-Time Employees in the Parks Department was based solely on their race and national origin.

Because of my advocacy on behalf of African-American employees, I was subjected to a hostile work environment by my immediate supervisor, Luis Cabrera, Deputy Police Chief & Acting Assistant City Manager. Mr. Cabrera was also the immediate supervisor for the Hispanic Parks Director. I further believe that the adverse tangible employment action taken against me (my termination) was because of my race, national origin, and in retaliation for my objecting to these discriminatory practices at the City.

Additionally, during my tenure with the City, I complained of disparity in my own pay as compared to my predecessors and current Directors of Hispanic descent. I believe that the disparity in my pay was due to the above-noted protected categories. Further, I believe that I have been discriminated against because

of my race, Black, national origin, African-American, and Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

Respectfully, I am requesting that this amendment to my original Charge of Discrimination be filed with both the EEOC and the State or local Agency, if any. I will advise the agency if I change my address or phone number and I will cooperate fully with them in processing of my charge in accordance with their procedures.

I, declare under penalty of perjury that the above is true and correct.

12/3/2014

Date

Charging Party Signature

NOTARY – When necessary for the State and Local Agency Requirements.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SHABNAM CHARANIA
Commission # EE 874457
Expires June 13, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

Subscribe and Sworn to before me this Date.

3 rd Day of December 2014 by Keith A Carswell

(month, day, year)

cc:   Valerie Kiffin Lewis, Esq., Valerie Kiffin Lewis PA
      H.T. Smith, Esq., HT Smith PA

**Exhibit "A"**

## City of Miami, FL
## AFSCME 871 - FY2014 Wage Reopener

roposed Operator  Wage Adjustment

**Total Additional Cost    331,946.74**

| EEID | Full Name | Job Title | Grade | Current Rate | Proposed Rate | Percentage Variance | Annual Dollar Variance |
|---|---|---|---|---|---|---|---|
| 27869 | Abraham, Richard | Waste Col Op I | 20.D | 15.5757 | 16.3941 | 5.3% | 1,702.36 |
| 28677 | Alexis, Rwooss | Waste Col Op I | 20.D | 14.8341 | 15.5335 | 4.7% | 1,454.84 |
| 25688 | Anton, Dulce M | Waste Col Op I | 20.D | 18.9324 | 19.2308 | 1.6% | 620.61 |
| 28047 | Baldwin, Deathra Y | Waste Col Op I | 20.D | 16.3545 | 17.1927 | 5.1% | 1,743.36 |
| 25957 | Celestin, Louis J | Waste Col Op I | 20.D | 18.0309 | 18.9905 | 5.3% | 1,996.03 |
| 25510 | Daudier, Altagrace | Waste Col Op I | 20.D | 19.8908 | 20.3751 | 2.4% | 1,007.25 |
| 12780 | Dixon, James L | Waste Col Op I | 20.D | 19.8908 | 20.3751 | 2.4% | 1,007.25 |
| 14274 | Dray, Roger | Waste Col Op I | 20.D | 19.8908 | 20.3751 | 2.4% | 1,007.25 |
| 41337 | Edwards, Charles Thermas II | Waste Col Op I | 20.D | 14.8341 | 15.5335 | 4.7% | 1,454.84 |
| 26223 | Estiven, Patrick | Waste Col Op I | 20.D | 18.9324 | 19.2308 | 1.6% | 620.61 |
| 17359 | Etienne, Wilner | Waste Col Op I | 20.D | 22.4779 | 23.0252 | 2.4% | 1,138.39 |
| 25976 | Fanus, Marvin | Waste Col Op I | 20.D | 19.4057 | 19.8783 | 2.4% | 982.98 |
| 23273 | Fernandez, Jose L | Waste Col Op I | 20.D | 19.8908 | 20.3751 | 2.4% | 1,007.25 |
| 24748 | Gato, Raul | Waste Col Op I | 20.D | 19.8908 | 20.3751 | 2.4% | 1,007.25 |
| 29427 | Green, Eugene C | Waste Col Op I | 20.D | 14.8341 | 15.5335 | 4.7% | 1,454.84 |
| 27836 | Hector, Marie R | Waste Col Op I | 20.D | 17.1723 | 18.0994 | 5.4% | 1,928.44 |
| 26323 | Holland, Sidney | Waste Col Op I | 20.D | 18.0309 | 18.9905 | 5.3% | 1,996.03 |
| 27955 | Howell, Eunice S | Waste Col Op I | 20.D | 16.3545 | 17.1927 | 5.1% | 1,743.36 |
| 28002 | James, Edgar A | Waste Col Op I | 20.D | 14.8341 | 15.5335 | 4.7% | 1,454.84 |
| 28048 | Johnson, Gwendolyn L | Waste Col Op I | 20.D | 16.3545 | 17.1927 | 5.1% | 1,743.36 |
| 27190 | Johnson, Tennille L | Waste Col Op I | 20.D | 17.1723 | 18.0994 | 5.4% | 1,928.44 |
| 25254 | Lazcano, Jose OMAR | Waste Col Op I | 20.D | 19.8908 | 20.3751 | 2.4% | 1,007.25 |
| 23361 | Lewis, Bruce L | Waste Col Op I | 20.D | 14.8341 | 15.5335 | 4.7% | 1,454.84 |
| 25973 | Luciano, Johnny O | Waste Col Op I | 20.D | 18.9324 | 19.2308 | 1.6% | 620.61 |
| 17172 | Macius, Jean G | Waste Col Op I | 20.D | 24.6617 | 25.4722 | 3.3% | 1,685.84 |
| 28098 | Merisier, Julienne | Waste Col Op I | 20.D | 16.3545 | 17.1927 | 5.1% | 1,743.36 |
| 26358 | Musler, Ricardo F | Waste Col Op I | 20.D | 14.8341 | 15.5335 | 4.7% | 1,454.84 |
| 24799 | Quesada, Alfonso | Waste Col Op I | 20.D | 19.8908 | 20.3751 | 2.4% | 1,007.25 |
| 13437 | Rivas, Leroy J | Waste Col Op I | 20.D | 20.8854 | 21.3939 | 2.4% | 1,057.65 |
| 25185 | Rosado, Charles | Waste Col Op I | 20.D | 19.8908 | 20.3751 | 2.4% | 1,007.25 |
| 20492 | Simms, Warren A | Waste Col Op I | 20.D | 23.6018 | 24.1765 | 2.4% | 1,195.31 |
| 26285 | Troutman, Glenda | Waste Col Op I | 20.D | 16.3545 | 17.1927 | 5.1% | 1,743.36 |
| 25058 | Vargas, Ramiro | Waste Col Op I | 20.D | 19.8908 | 20.3751 | 2.4% | 1,007.25 |
| 28659 | Watkins, Joanne M | Waste Col Op I | 20.D | 15.5757 | 16.3941 | 5.3% | 1,702.36 |
| 27386 | Wright, Kevin L | Waste Col Op I | 20.D | 14.8341 | 15.5335 | 4.7% | 1,454.84 |
| 27168 | Abel, Valerie | Waste Col Op II | 21.D | 18.8148 | 19.8801 | 5.7% | 2,215.82 |
| 29414 | Alonso, Jose G | Waste Col Op II | 21.D | 16.2530 | 18.0994 | 11.4% | 3,840.54 |
| 25975 | Alvarado, Cristino | Waste Col Op II | 21.D | 20.7556 | 22.5114 | 8.5% | 3,652.00 |
| 17233 | Bealls Jr, Willie J | Waste Col Op II | 21.D | 21.7935 | 23.6369 | 8.5% | 3,834.35 |
| 40725 | Brown, James Theophelus | Waste Col Op II | 21.D | 15.4790 | 17.1927 | 11.1% | 3,564.40 |
| 27650 | Carr, Jr., Solomon | Waste Col Op II | 21.D | 17.0657 | 18.9905 | 11.3% | 4,003.67 |
| 20436 | Carter, Jeffrey L. | Waste Col Op II | 21.D | 25.7337 | 28.1425 | 9.4% | 5,010.30 |
| 16485 | Carvil, Estime | Waste Col Op II | 21.D | 23.4552 | 24.9035 | 6.2% | 3,012.55 |
| 17982 | Cineus, Gerard | Waste Col Op II | 21.D | 25.7337 | 28.1425 | 9.4% | 5,010.30 |
| 14803 | Clark, Anthony R | Waste Col Op II | 21.D | 25.7337 | 28.1425 | 9.4% | 5,010.30 |
| 20296 | Cleare, Calvin | Waste Col Op II | 21.D | 20.7556 | 22.5114 | 8.5% | 3,652.00 |
| 29410 | Davis, Sedrick D | Waste Col Op II | 21.D | 15.4790 | 17.1927 | 11.1% | 3,564.40 |
| 22042 | Depons, John E | Waste Col Op II | 21.D | 20.7556 | 22.5114 | 8.5% | 3,652.00 |
| 23413 | Diaz, Humberto | Waste Col Op II | 21.D | 21.7935 | 23.6369 | 8.5% | 3,834.35 |
| 23079 | George, Richardson H | Waste Col Op II | 21.D | 22.8831 | 24.8187 | 8.5% | 4,026.05 |
| 25523 | Glenn, Clint O | Waste Col Op II | 21.D | 20.7556 | 22.5114 | 8.5% | 3,652.00 |
| 24301 | Graham, Dyshon T | Waste Col Op II | 21.D | 23.4552 | 24.9035 | 6.2% | 3,012.55 |
| 25979 | Johnson, Earl L | Waste Col Op II | 21.D | 20.7556 | 22.5114 | 8.5% | 3,652.00 |
| 18156 | Jones, Adriel R | Waste Col Op II | 21.D | 20.7556 | 22.5114 | 8.5% | 3,652.00 |
| 13958 | Jones, Alfred B | Waste Col Op II | 21.D | 23.4552 | 24.9035 | 6.2% | 3,012.55 |
| 28358 | Joseph, Timothy E | Waste Col Op II | 21.D | 16.2530 | 18.0994 | 11.4% | 3,840.54 |
| 23580 | Lazcano, Leyani | Waste Col Op II | 21.D | 21.7935 | 23.6369 | 8.5% | 3,834.35 |
| 28658 | Lee, Kelvin C | Waste Col Op II | 21.D | 17.0657 | 18.9905 | 11.3% | 4,003.67 |
| 40439 | Lewis, Irving H | Waste Col Op II | 21.D | 15.4790 | 17.1927 | 11.1% | 3,564.40 |
| 40753 | Lewis, Kevin Gerard | Waste Col Op II | 21.D | 15.4790 | 17.1927 | 11.1% | 3,564.40 |
| 25972 | Martinez, Sergio M | Waste Col Op II | 21.D | 19.7555 | 20.9164 | 5.9% | 2,414.67 |
| 25211 | Mendez, Norma G | Waste Col Op II | 21.D | 20.2494 | 21.9622 | 8.5% | 3,582.65 |

# City of Miami, FL
# AFSCME 871 - FY2014 Wage Reopener

Proposed Operator Wage Adjustment

Total Additional Cost    331,946.74

| EEID | Full Name | Job Title | Grade | Current Rate | Proposed Rate | Percentage Variance | Annual Dollar Variance |
|---|---|---|---|---|---|---|---|
| 27518 | Moore, Ulysses D. | Waste Col Op II | 21.D | 17.0657 | 18.9905 | 11.3% | 4,003.67 |
| 15028 | Oats, Milton LEE | Waste Col Op II | 21.D | 21.7935 | 23.6369 | 8.5% | 3,834.35 |
| 17601 | Pierre, Jackson | Waste Col Op II | 21.D | 22.8831 | 24.8187 | 8.5% | 4,026.05 |
| 21436 | Pittman, Eugene F | Waste Col Op II | 21.D | 25.7337 | 28.1425 | 9.4% | 5,010.30 |
| 16480 | Prenus, Elange | Waste Col Op II | 21.D | 22.8831 | 24.8187 | 8.5% | 4,026.05 |
| 26217 | Rivera, Carlos J | Waste Col Op II | 21.D | 19.7555 | 20.9164 | 5.9% | 2,414.67 |
| 25990 | Rojas, Gustavo A | Waste Col Op II | 21.D | 20.2494 | 21.9622 | 8.5% | 3,562.65 |
| 20661 | Rolle, Theophlius | Waste Col Op II | 21.D | 25.7337 | 28.1425 | 9.4% | 5,010.30 |
| 27166 | Sands, Antoinette S. | Waste Col Op II | 21.D | 17.0657 | 18.9905 | 11.3% | 4,003.67 |
| 24023 | Simmons Jr. Joe | Waste Col Op II | 21.D | 22.8831 | 24.8187 | 8.5% | 4,026.05 |
| 27839 | Taylor, Corey L | Waste Col Op II | 21.D | 17.9189 | 19.2308 | 7.3% | 2,728.73 |
| 16128 | Williams, Michael A | Waste Col Op II | 21.D | 20.7556 | 22.5114 | 8.5% | 3,652.00 |
| 41344 | Williams, Rashard Tonorris | Waste Col Op II | 21.D | 15.4790 | 17.1927 | 11.1% | 3,564.40 |
| 24488 | Acosta, Alexis | Waste Eqpt Op | 22.D | 21.6405 | 24.8206 | 14.7% | 6,614.60 |
| 23339 | Anton, Daniel | Waste Eqpt Op | 22.D | 21.6405 | 24.8206 | 14.7% | 6,614.60 |
| 16561 | Baker, Ernest F | Waste Eqpt Op | 99.OTH | 23.7428 | 27.4583 | 15.6% | 7,728.24 |
| 25617 | Chicas, Jorge D | Waste Eqpt Op | 22.D | 21.6405 | 24.8206 | 14.7% | 6,614.60 |
| 41231 | Colon, Javier | Waste Eqpt Op | 22.D | 16.1390 | 18.9905 | 17.7% | 5,931.19 |
| 20168 | Dorvil, Aurelus | Waste Eqpt Op | 22.D | 23.8587 | 26.7886 | 12.3% | 6,094.16 |
| 28093 | Foster, Amie | Waste Eqpt Op | 22.D | 16.1390 | 18.9905 | 17.7% | 5,931.19 |
| 28070 | Frias, Yovanni J | Waste Eqpt Op | 22.D | 17.7933 | 19.8801 | 11.7% | 4,340.65 |
| 12550 | Holzendorf Jr., Clifford | Waste Eqpt Op | 99.OTH | 23.7428 | 27.4583 | 15.6% | 7,728.24 |
| 40221 | Jr. Graves, Clarence A. | Waste Eqpt Op | 22.D | 16.1390 | 18.9905 | 17.7% | 5,931.19 |
| 20954 | Kelly, Lamont A | Waste Eqpt Op | 99.OTH | 23.7428 | 27.4583 | 15.6% | 7,728.24 |
| 26942 | Laguerre, Ricardy | Waste Eqpt Op | 22.D | 16.1390 | 18.9905 | 17.7% | 5,931.19 |
| 10964 | Loredo, Peter A | Waste Eqpt Op | 22.D | 26.8310 | 31.0296 | 15.6% | 8,733.09 |
| 14845 | Mans, Nicholius L | Waste Eqpt Op | 22.D | 23.8587 | 26.7886 | 12.3% | 6,094.16 |
| 28049 | Mendez, Elieser | Waste Eqpt Op | 22.D | 17.7933 | 19.8801 | 11.7% | 4,340.65 |
| 25244 | Palomino, Jose G | Waste Eqpt Op | 99.OTH | 21.6405 | 24.8206 | 14.7% | 6,614.59 |
| 40258 | Perry, Angelo P | Waste Eqpt Op | 22.D | 16.1390 | 18.9905 | 17.7% | 5,931.19 |
| 24089 | Pierre, Caito | Waste Eqpt Op | 22.D | 21.6405 | 24.8206 | 14.7% | 6,614.60 |
| 28050 | Saavedra, David | Waste Eqpt Op | 22.D | 17.7933 | 19.8801 | 11.7% | 4,340.65 |
| 28046 | Sands, Kevin D | Waste Eqpt Op | 22.D | 16.9459 | 19.2308 | 13.5% | 4,752.66 |
| 26424 | Smith, Arthur | Waste Eqpt Op | 22.D | 16.1390 | 18.9905 | 17.7% | 5,931.19 |
| 19732 | Williams, Michael K | Waste Eqpt Op | 22.D | 16.9459 | 19.2308 | 13.5% | 4,752.66 |

**Exhibit "E"**

81097
HRL
WES

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1-12-cv-22422

CAROLYN HOWARD,

    Plaintiff,

v.

CITY OF MIAMI SPRINGS, FLORIDA
a Florida Incorporated Municipality; and
ROBERT T. WILLIAMS, in his official
capacity as Director of Public Works for
the City of Miami Springs, Florida; and
Individually,

    Defendants.

_____/

Δs' Answer due
14 + 3 = 9/13/12 Ted
R 9/10/12 Ted

## SECOND AMENDED COMPLAINT[1]

COMES NOW, the Plaintiff, CAROLYN HOWARD, (hereinafter referred to as PLAINTIFF),

by and through her undersigned counsel, hereby files this Complaint for Damages and other

relief in this suit against Defendants, DEFENDANT CITY OF MIAMI SPRINGS (hereinafter

referred to as DEFENDANT CITY, a Florida Incorporated Municipality; and ROBERT T.

WILLIAMS, (hereinafter referred to as DEFENDANT WILLIAMS), in his official capacity as

Director of Public Works for the DEFENDANT CITY of Miami Springs, Florida, and,

individually and in furtherance thereof, Plaintiff alleges the following:

## NATURE OF CLAIMS

_____

[1] Corrected for scrivener's error.

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

1.      This is an action brought alleging violations of the Florida Civil Rights Act of 1992 (FCRA), 760.01 et seq., Fla.; Assault, Battery, Negligent Supervision, Negligent Retention, and Intentional Infliction of Emotional Distress ("IIED").

## STATUTORY PREREQUISITES TO SUIT

2.      Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites in maintaining the claims asserted herein as required by the FCRA. (See Exhibit A: Right to Sue Letter from Florida Commission on Human Relations). Furthermore, Plaintiff has performed and fulfilled all conditions precedent to maintaining the claims asserted herein as required by the FCRA. (See id). Plaintiff has provided all statutory prerequisites required by section 768.28(6)(a), Florida Statutes, or in the alternative was not required to present a pre-suit statutory notice, as to each of the aforementioned counts.

## JURISDICTION AND VENUE

3.      This is an action for damages in excess of fifteen thousand (15,000) dollars, exclusive of interest and costs.

4.      The unlawful acts of the DEFENDANTS giving rise to this action were committed in Miami Dade County, Florida, within the jurisdiction of the Circuit Court for the Eleventh Judicial Circuit in and for Miami Dade County, Florida.

5.      At all times material hereto, Plaintiff was a resident of the State of Florida and is, in all respects, sui juris.

6.      At all times material hereto and pursuant to all applicable statues, Plaintiff was employed by DEFENDANT CITY and Supervised by DEFENDANT WILLIAMS.

2

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

7.     Plaintiff is a female and thus a member of a protected group.

8.     At all times material hereto, DEFENDANT CITY was a Municipality organized and duly incorporated under the laws of the State of Florida and situated in Miami-Dade County, Florida.

9.     At all times material hereto, DEFENDANT WILLIAMS was a resident of Miami-Dade County, Florida and at all relevant times was the Director of Public Works for the DEFENDANT CITY and the direct supervisor of Plaintiff while in his capacity DEFENDANT CITY as director for DEFENDANT CITY within Miami Dade County.

10.    At all times material hereto, DEFENDANT WILLIAMS was Plaintiff's immediate supervisor. Venue is proper in Miami-Dade County, Florida, because the claims giving rise to this cause of action occurred in this county.

## GENERAL ALLEGATIONS

11.    On May 18, 2009, Plaintiff was hired as an Administrator to the Director of Public Works by the DEFENDANT CITY and Supervised by DEFENDANT WILLIAMS in his capacity as a Director of Public Works for DEFENDANT CITY.

12.    During Plaintiff's employment, Plaintiff was regularly sexually harassed by DEFENDANT WILLIAMS in his capacity as a Director for DEFENDANT CITY as the Director of Public Works during working hours.

13.    During Plaintiff's employment, Plaintiff was regularly sexually harassed by DEFENDANT WILLIAMS in his individual capacity as Director for the DEFENDANT CITY.

14.    The harassment included numerous sexual comments regarding Plaintiff's body parts, including, but not limited to, DEFENDANT WILLIAMS' communicating to Plaintiff that Plaintiff had a "fine ass," that he "wanted to smack her ass," asking Plaintiff to show him her

3

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

"tits and ass," comments about how he wanted to "eat her pussy," telling Plaintiff that he wanted to suck on every part of her body and other unwanted sexual comments.

15.     DEFENDANT WILLIAMS asked Plaintiff if she needed more money during the course of these events and promised her raises and promotions if she agreed to engage in sexual acts with him.

16.     DEFENDANT WILLIAMS repeatedly called Plaintiff sexually degrading names like "whore" and "stripper."

17.     DEFENDANT WILLIAMS informed Plaintiff that if she did not do as he asked, she would be terminated.

18.     The harassment also included unwanted physical contact. For example, DEFENDANT WILLIAMS approached Plaintiff from behind, and forcibly kissed her neck. When Plaintiff told him that was inappropriate and attempted to walk away, DEFENDANT WILLIAMS forcibly grabbed her buttocks.

19.     DEFENDANT WILLIAMS made physical contact with Plaintiff by brushing his erect penis against Plaintiff's buttocks when he walked by and by grabbing her breasts. DEFENDANT WILLIAMS would grab Plaintiff so hard, that it would result in bruising, swelling, soft tissue injury, and other resulting injury.

20.     DEFENDANT WILLIAMS told Plaintiff that he would "eat her pussy raw."

21.     DEFENDANT WILLIAMS forcibly slapped Plaintiff's buttocks hard enough to inflict pain.

22.     On one occasion, DEFENDANT WILLIAMS told Plaintiff that he was in love with her, while licking his lips.

4

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

23. DEFENDANT WILLIAMS refused to stop despite Plaintiff's rejection of his advances.

24. Plaintiff was informed by DEFENDANT WILLIAMS, while in his capacity as her supervisor, that Plaintiff would be fired and/or demoted if she complained to DEFENDANT CITY officials about his outrageous sexual conduct.

25. DEFENDANT WILLIAMS bragged to Plaintiff about his criminal past as a form of intimidation in the event she contacted her supervisor.

26. DEFENDANT WILLIAMS continued these sexual actions despite the knowledge of DEFENDANT CITY.

27. DEFENDANT CITY failed to prevent further actions by DEFENDANT WILLIAMS.

28. DEFENDANT WILLIAMS sent a picture of his penis to Plaintiff's cellphone.

29. Plaintiff was threatened by DEFENDANT WILLIAMS with termination if she failed to provide sexual favors to DEFENDANT WILLIAMS.

30. DEFENDANT WILLIAMS forced Plaintiff to perform oral sex on him while inside of his office.

31. DEFENDANT WILLIAMS forced Plaintiff to submit and engage in vaginal sex with him while inside of his office.

32. On January 2, 2010, Plaintiff, through notice, complained to DEFENDANT CITY about the actions of DEFENDANT WILLIAMS.

33. DEFENDANT CITY contacted DEFENDANT WILLIAMS, but the harassment continued.

5

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

34.    Plaintiff was informed by DEFENDANT CITY officials that the sexually explicit behaviors of DEFENDANT WILLIAMS "have always been that way" and that she "should not take any offense to it."

35.    Plaintiff informed DEFENDANT WILLIAMS and DEFENDANT CITY that she was offended by the failure of DEFENDANT CITY and DEFENDANT WILLIAMS to remedy the actions of DEFENDANT WILLIAMS and DEFENDANT WILLIAMS' blatant disrespect for her as a woman.

36.    Plaintiff was subsequently demoted after complaining to DEFENDANT CITY about DEFENDANT WILLIAMS' sexual behavior.   Plaintiff was later referred to as the "fucking bitch with the big tits."

37.    DEFENDANT CITY was on notice of DEFENDANT WILLIAMS' criminal history of intimidation as he would threaten bodily injury to other employees when attempting to resolve apparent conflicts.

38.    Plaintiff was subjected to disparate treatment in the terms and conditions of her employment, subjected to harassment and a hostile work environment and was demoted because of her sex.

39.    The sexual harassment, hostile work environment and retaliation, included but is not limited to the following:

a.    Being subjected to sexual jokes.

b.    Being subjected to sexual advances by DEFENDANT WILLIAMS.

c.    Being subjected to physical touching by DEFENDANT WILLIAMS.

d.    Being unfairly treated as to bathroom privileges.

6

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

e.   Being demoted by DEFENDANT CITY and DEFENDANT WILLIAMS while males were not demoted.

f.   Being paid less than the male employees.

g.   Being retaliated against for complaining about harassment and hostile work environment.

40.   The unwanted sexual actions of DEFENDANT WILLIAMS and the failure to act accordingly by DEFENDANT CITY were so severe or pervasive that it affected a term, condition or privilege of Plaintiff's employment and created a discriminatory and abusive working environment.

41.   DEFENDANT CITY knew or should have known of DEFENDANT WILLIAMS' harassment and failed to appropriately intervene.

42.   The comments and actions detailed were such that a reasonable person would have found them to be harassing.

43.   Subsequent to complaining of sexual harassment and subsequent to filing an EEOC Charge, DEFENDANT WILLIAMS AND DEFENDANT CITY retaliated against Plaintiff. This included continued harassment and modification of Plaintiff's job duties so as to include embarrassing and menial tasks.

44.   On February 17, 2012, Plaintiff was terminated. Plaintiff asserts that her termination and/or constructive termination was motivated by unlawful retaliation and sex discrimination.

**COUNT I - SEXUAL HARASSMENT Florida Civil Rights Act of 1992 (FCRA), 760.01 et seq., Fla. Stat (HOSTILE WORK ENVIRONMENT) (DEFENDANT CITY)**

7

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

45.     Plaintiff re-alleges and re-avers paragraphs 1 through 44 above as fully set forth herein, and further states:

46.     DEFENDANT CITY is an "employer" as that term is defined in the FCRA.

47.     The FCRA provides that it is unlawful for any employer to discriminate against any individual with respect to the terms, conditions or privileges of employment because of such person's sex, among other things. § 760.10 Fla. Stat.

48.     As set forth above, Plaintiff was subjected to unwelcome sexual harassment from DEFENDANT WILLIAMS throughout her employment and was, therefore, discriminated against because of her sex, i.e., female.

49.     The harassment by DEFENDANT WILLIAMS was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and to create an abusive and hostile working environment.

50.     DEFENDANT CITY knew or should have known of DEFENDANT WILLIAMS' sexual harassment of Plaintiff, but it failed to take prompt and effective remedial action.

51.     The actions of DEFENDANT CITY were willful, wanton, and done with an utter disregard for whether its actions violated the law and Plaintiff's civil rights.

52.     Plaintiff is entitled to punitive damages against DEFENDANT CITY.

53.     As a direct and proximate result of Plaintiff being sexually harassed. Plaintiff has sustained significant damages in the form of lost wages, lost benefits, lost pension or retirement benefits, and will continue to sustain these damages in the future; as well as severe emotional and mental anguish.

8

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

WHEREFORE, Plaintiff prays for a Judgment against DEFENDANT CITY in favor of Plaintiff for compensatory damages; special damages for mental anguish, humiliation, and pain and suffering; punitive damages; back pay; lost promotions and accompanying lost raises, benefits, costs, pre and post judgment, interest, attorneys' fees, and expert fees; and any and all other relief this court deems just, and demands a trial by Jury on all issues so triable.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

54.     Plaintiff re-alleges and re-avers paragraphs 1 through 44 above as fully set forth herein, and further states:

55.     Throughout Plaintiff's employment, DEFENDANT WILLIAMS deliberately and recklessly subjected Plaintiff to humiliation and embarrassment, constantly berating and belittling her and physically grabbing her and kissing her behind closed doors.  The impact between DEFENDANT WILLIAMS and Plaintiff caused substantial injury to Plaintiff.

56.     DEFENDANT WILLIAMS' would grab Plaintiff so hard, that his unwanted invasive acts of battery would leave numerous bruises causing soft tissue muscle injury, swelling, and physical pain.

57.     DEFENDANT WILLIAMS' physical conduct has caused severe emotional distress to Plaintiff, including, but not limited to, anxiety, fear, humiliation, depression, sleeping problems, stomach pain, nausea, exacerbation of existing physical ailments, and other mental ailments.

58.     DEFENDANT WILLIAMS' actions caused Plaintiff physical injury.

9

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

59. DEFENDANT WILLIAMS was a Director of Public Works for the DEFENDANT CITY.

60. DEFENDANT WILLIAMS' actions were carried out within the scope of his employment as Director of Public Works for the DEFENDANT CITY.

61. DEFENDANT CITY is therefore liable to Plaintiff for the acts of DEFENDANT WILLIAMS alleged herein.

62. DEFENDANT WILLIAMS actions caused Plaintiff's physical injury which was the result of the psychological trauma.

63. Plaintiff was directly involved in the event, the assault and battery committed by DEFENDANT WILLIAMS, which caused her injury.

64. Plaintiff is the injured person, and therefore is closely connected to the injured person.

WHEREFORE, Plaintiff prays for a Judgment against DEFENDANT CITY and DEFENDANT WILLIAMS, in favor of Plaintiff for compensatory damages; special damages for mental anguish, humiliation, and pain and suffering; punitive damages; back pay; lost promotions and accompanying lost raises, benefits, costs, pre and post judgment, interest, attorneys' fees, and expert fees; and any and all other relief this court deems just, and demands a trial by Jury on all issues so triable.

### COUNT III – NEGLIGENT SUPERVISION AGAINST DEFENDANT CITY

65. Plaintiff re-alleges and re-avers paragraphs 1 through 44 above as fully set forth herein, and further states:

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

66. DEFENDANT CITY had a duty to exercise reasonable care to control DEFENDANT WILLIAMS so as to prevent him from harming others. DEFENDANT CITY also had a duty to maintain a safe workplace free of Defendant's actions.

67. At all relevant times, DEFENDANT WILLIAMS was the agent and employee of DEFENDANT CITY, and in doing the acts alleged herein, was acting in the course and within the scope of his authority as agent and employee and/or acting under the color of his authority as agent and employee in the transaction of the business of the employment or agency and/or acting with apparent authority. DEFENDANT WILLIAMS was acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this section 768.28, Florida Statutes.

68. Moreover, DEFENDANT WILLIAMS was the Director of Public Works of the DEFENDANT CITY. DEFENDANT CITY is therefore liable to Plaintiff for the acts of DEFENDANT WILLIAMS alleged herein. DEFENDANT WILLIAMS, as employee, or agent during his work, at times acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

69. DEFENDANT CITY breached its duty by negligently placing DEFENDANT WILLIAMS in a supervisory position over other employees, including Plaintiff, when it knew or should have known that DEFENDANT WILLIAMS engaged in outrageous and harmful behavior toward female employees and the battery of Plaintiff.

70. DEFENDANT CITY'S breach of duty was the proximate cause of Plaintiff's injuries.

11

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

71.     As a result of DEFENDANT CITY'S failure to properly supervise DEFENDANT WILLIAMS, Plaintiff was injured, having been subjected to various wrongdoings including battery. This battery resulted in physical injury, severe emotional damage and mental anguish to Plaintiff.

WHEREFORE, Plaintiff prays for a Judgment against DEFENDANT CITY, in favor of Plaintiff for compensatory damages; special damages for mental anguish, humiliation, and pain and suffering; punitive damages; back pay; lost promotions and accompanying lost raises, benefits, costs, pre and post judgment, interest, and expert fees; and any and all other relief this court deems just, and demands a trial by Jury on all issues so triable.

## COUNT IV: FLORIDA WHISTLEBLOWER ACT AGAINST DEFENDANT CITY

72.     Plaintiff re-alleges and re-avers paragraphs 1 through 44 above as fully set forth herein, and further states:

73.     This is an action under the Florida Whistleblower Act. DEFENDANT CITY was an "employer" of Plaintiff as defined by the Florida Whistleblower Act, Section 448.101-448.105 Fla. Stat.

74.     Plaintiff was an "employee" of DEFENDANT CITY as defined by the Florida Whistleblower Act, Section 448.101(2).

75.     During the term of Plaintiff's employment, she objected to activities and practices which were in violation of the Florida Civil Rights Act of 1992, the Miami Dade County ordinances, and the DEFENDANT CITY'S code prohibiting sexual harassment.

12

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

76. In particular, Plaintiff objected to a hostile work environment because of the sexual harassment created and perpetrated by DEFENDANT CITY and DEFENDANT WILLIAMS.

78. DEFENDANT CITY knew of DEFENDANT WILLIAMS' sexual harassment of Plaintiff, but remedial action was not taken.

79. Plaintiff voiced her specific objections to DEFENDANT WILLIAMS and other management.

80. DEFENDANT CITY took retaliatory personnel action against Plaintiff, because she had objected to the illegal workplace behavior, by terminating her employment on February 17, 2012. Plaintiff either provided notice, or was unable to furnish the requisite notice due to the actions of DEFENDANT CITY.

WHEREFORE, Plaintiff prays for a Judgment against DEFENDANT CITY, in favor of Plaintiff for compensatory damages; special damages for mental anguish, humiliation, and pain and suffering; punitive damages; back pay; lost promotions and accompanying lost raises, benefits, costs, pre and post judgment, interest, attorneys' fees, and expert fees; and any and all other relief this court deems just, and demands a trial by Jury on all issues so triable. Plaintiff also requests that the Court award reasonable attorneys' fees, costs and expenses associated with this action pursuant to section 448.104

## COUNT V - SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT)
## (DEFENDANT WILLIAMS)

13

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

65.     Plaintiff re-alleges and re-avers paragraphs 1 through 44 above as fully set forth herein, and further states:

66.     DEFENDANT WILLIAMS independently sexually harassed Plaintiff and discriminated against her because of her sex, i.e, female.

67.     DEFENDANT WILLIAMS personally participated in unwelcome acts of sexual harassment committed against Plaintiff, thereby discriminating against Plaintiff because of her sex, i.e., female.

68.     DEFENDANT WILLIAMS owed a duty to Plaintiff to cease committing and/or participating in acts of sexual harassment against her once it became known to him that these acts were unwelcome.

69.     DEFENDANT WILLIAMS breached this duty through his own personal fault by failing to cease committing and/or participating in acts of sexual harassment against Plaintiff once it became known to him that these acts were unwelcome.

81.     The harassment committed and/or participated in by DEFENDANT WILLIAMS was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and to create an abusive and hostile working environment.

82.     As a direct and proximate result of Plaintiff being sexually harassed, Plaintiff has sustained significant damages in the form of lost wages, lost benefits, lost pension or retirement benefits, and will continue to sustain these damages in the future; as well as severe emotional and mental anguish.

83.     DEFENDANT WILLIAMS is individually liable for committing and/or participating in acts of sexual harassment and for discriminating against Plaintiff on the basis of

14

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

her sex, even if DEFENDANT WILLIAMS performed these acts within the course and scope of his employment with DEFENDANT CITY

84.    DEFENDANT WILLIAMS is liable for committing and/or participating in acts of sexual harassment and for discriminating against Plaintiff on the basis of her sex, even if DEFENDANT WILLIAMS performed these acts as director or agent of DEFENDANT CITY.

WHEREFORE, Plaintiff prays for a Judgment against DEFENDANT WILLIAMS, in favor of Plaintiff for compensatory damages; special damages for mental anguish, humiliation, and pain and suffering; punitive damages; back pay; lost promotions and accompanying lost raises, benefits, costs, pre and post judgment, interest, attorneys' fees, punitive damages as provided under the FCRA, Section 760.11(5), Fla. Stat., and such other relief as this Court deems just, and demands a trial by Jury on all issues so triable.

## COUNT VI: RETALIATION- VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ. AGAINST DEFENDANT CITY

85.    Plaintiff re-alleges and re-avers paragraphs 1 through 44 above as fully set forth herein, and further states:

86.    This is an action for damages as a result of the DEFENDANT CITY's violation of rights secured to Plaintiff by the Florida Civil Rights Act of 1992, Florida Statute, Section 760.01

87.    DEFENDANT WILLIAMS continued to harass Plaintiff and DEFENDANT CITY changed Plaintiff's job duties to include embarrassing and menial tasks in retaliation for

15

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

Plaintiff having complained of unlawful harassment and in retaliation for having filed an administrative charge of discrimination.

88.     The termination of Plaintiff's employment was based on sex and retaliation for Plaintiff having complained internally and for having filed an administrative charge.

89.     Plaintiff would not have been terminated but for these unlawful motives. The reason given by the employer for the termination is false and pre-textual.

90.     As a result of the unlawful discrimination, harassment and retaliation described above, Plaintiff has suffered damages.

91.     Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs. The harassment and discrimination described above was done willfully and with a reckless disregard for Plaintiff's rights under state law.

92.     As a direct and proximate result of the discrimination and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a Judgment against DEFENDANT CITY in favor of Plaintiff for compensatory damages; special damages for mental anguish, humiliation, and pain and suffering; punitive damages; back pay; lost promotions and accompanying lost raises, benefits, costs, pre and post judgment, interest, attorneys' fees, and expert fees; and any and all other relief this court deems just, and demands a trial by Jury on all issues so triable.

## COUNT VII - ASSAULT AND BATTERY AGAINST DEFENDANT WILLIAMS

16

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

93. Plaintiff re-alleges and re-avers paragraphs 1 through 44 above as fully set forth herein, and further states:

94. DEFENDANT WILLIAMS intentionally and in an unlawful manner engaged in unsolicited and unwelcome physical contact of a sexual nature with Plaintiff by physically grabbing, touching and rubbing her against her will, creating a fear in Plaintiff of imminent peril.

95. The tortuous acts committed upon Plaintiff by DEFENDANT WILLIAMS were unsolicited, unwelcome, and unwanted by Plaintiff and she did not consent to any of his actions.

96. As a direct result of the assaults and batteries perpetrated upon Plaintiff, she has suffered the following damages:

a. Mental pain;

b. Severe emotional distress;

c. Embarrassment;

d. Humiliation;

e. Mental anguish;

f. Loss of enjoyment of life

g. Impairment of working ability

h. Loss of dignity;

i. Loss of or diminution of earning or earning capacity.

WHEREFORE, Plaintiff prays for a judgment against DEFENDANT WILLIAMS, in favor of Plaintiff for compensatory damages; special damages for mental anguish, humiliation, and pain and suffering; punitive damages; back pay; lost promotions and accompanying lost raises,

17

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

DEFENDANT CITY. Moreover, DEFENDANT WILLIAMS was a Director of Public Works for the DEFENDANT CITY.

109.    DEFENDANT CITY is therefore liable to Plaintiff for the acts of DEFENDANT WILLIAMS alleged herein.

110.    DEFENDANT CITY breached its duty when it failed to take any action in response to the complaints of Plaintiff despite its duty to exercise reasonable care to prevent DEFENDANT WILLIAMS from intentionally harming others.

111.    DEFENDANT CITY'S breach of duty was the proximate cause of Plaintiff's injuries.

112.    As a result of DEFENDANT CITY'S retention of DEFENDANT WILLIAMS, Plaintiff was injured, having been subjected to various wrongdoings including sexual batteries. The batteries upon Plaintiff resulted in physical injury, severe emotional damage and mental anguish to Plaintiff.

WHEREFORE, Plaintiff prays for a Judgment against DEFENDANT CITY, in favor of Plaintiff for compensatory damages; special damages for mental anguish, humiliation, and pain and suffering; punitive damages; back pay; lost promotions and accompanying lost raises, benefits, costs, pre and post judgment, interest, and expert fees; and any and all other relief this court deems just, and demands a trial by Jury on all issues so triable.

## TRIAL BY JURY

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable and prays for a Judgment against DEFENDANT CITY and DEFENDANT WILLIAMS, Individually, and DEFENDANT

20

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

WILLIAMS as employee for DEFENDANT CITY in favor of Plaintiff for compensatory damages; special damages for mental anguish, humiliation, and pain and suffering; punitive damages; back pay; lost promotions and accompanying lost raises, benefits, costs, pre and post judgment, interest, and expert fees; and any and all other relief this court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2012, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I further certified that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served vita transmission of Notice of Electronic filing generated by CM/ECF to any and all active CM/ECF participants. This service is in addition to any other methods of service allowable by law.

KIONNE L. MCGHEE, ESQ.
KIONNE L. MCGHEE LAW GROUP, PLLC
Attorney for Plaintiff CAROLYN HOWARD
Wells Fargo Building
4770 Biscayne Boulevard Suite 1110
Miami, Florida 33137
305/573-8808, Telephone
305/573-1044, Fax

BY: _KIONNE L. MCGHEE_
KIONNE L. MCGHEE
FLA. BAR NO. 856061

21

Case No.: 1-12-cv-22422
Howard v. City of Miami Springs, et al.

## SERVICE LIST

KIONNNE L. MCGHEE, ESQ.
MCGHEE LAW GROUP, PLLC
Attorney for Plaintiff CAROLYN HOWARD
Wells Fargo Building
4770 Biscayne Boulevard Suite 1110
Miami, Florida 33137
305/573-8808, Telephone
305/573-1044, Fax
klm@klmlawgroup.com

HARRIET R. LEWIS, ESQ.
NANCY E. STROUD, ESQ.
LEWIS, STROUD & DEUTSCH, PL
Attorney for Defendant Williams
1900 Glades Road, suite 251
Boca Raton, FL 33431
561/826-2800 Telephone
561/826-2828 Fax
hlewis@lsdlaw.net
nstroud@lsdlaw.net

CHRISTOPHER J. STEANS, ESQ.
JEFFERY L. HOCHMAN, ESQ.
JOHNSON, ANSELMDO, MURDOCH,
BURKE, PIPER & HOCHMAN,, PA
Attorneys for City
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Fax
stearns@jambg.com
hochman@jambg.com

22

Exhibit "F"

*Keith A. Carswell*
*3613 East Forge Road*
*Davie, Florida 33328*

**REVISED** Cover Letter - Via Fax (305) 808-1855

August 18th, 2014

Mr. Malcolm S. Medley, Director
Miami District Office -
U.S. Equal Employment
Opportunity Commission
100 SE 2nd Street, Suite 1500
Miami FL 33131

RE:     **Charges of discrimination against the City of Miami _and_ Deputy Police Chief/Acting Assistant City Manager Luis E. Cabrera**

Director Medley:

In reference to the above, attached you will find my *Charge of Discrimination* form.  For processing in accordance with your procedures, please contact Ms. Valerie Kiffin Lewis, Esq.  Ms. Kiffin Lewis, Esq.'s contact information is as follows:

Ms. Valerie Kiffin Lewis, Esq.
Valerie Kiffin Lewis, P.A.
401 NW 7th Avenue
Ft. Lauderdale, FL 33311

VKLewisLaw2@AOL.Com – E-Mail
(954) 252-3400 – office

Thank you in advance for your assistance.

Sincerely,

Keith A. Carswell

CC:    Ms. Valerie Kiffin Lewis, Esq., Valerie Kiffin Lewis, P.A., Attorney At Law
        H.T. Smith, Esq., HT Smith P.A., Attorney At Law

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | ___ FEPA<br>_X_ EEOC | |

| Florida Commission on Human Relations | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.)<br>Mr. Keith Carswell | Home Phone (Incl. Area Code)<br>(305) 299-5780 | Date of Birth<br>2/20/63 |
|---|---|---|
| Street Address<br>3613 Forge Road | City, State and ZIP Code<br>Davie , Florida  33328 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>City of Miami | No. Employees, Members<br>500+ | Phone No. (Include Area Code)<br>(305) 250-5400 |
|---|---|---|
| Street Address<br> 3500 Pan American Drive | City, State and ZIP Code<br>Miami, FL 33133-5595 | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br><br>_X_ RACE  __ COLOR  __ SEX  __ RELIGION  _X_ NATIONAL ORIGIN<br><br>_X_ RETALIATION  __ AGE  __ DISABILITY  __ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest          Latest<br>                         5/5/2014<br><br>__ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):.

I, Keith Carswell, African-American, was discriminated against by my former employer, City of Miami ("City"), when, after complaining about disparity in pay amongst employees of different ethnicities-performing the same duties-I was ultimately terminated. In my position as Director of the Solid Waste Department, I objected to this and other forms of discrimination against African-Americans, in particular, the City's hiring practices.  I believe that I was subjected to a hostile work environment by my immediate supervisor, Luis Cabrera, Deputy Police Chief & Acting Assistant City Manager, and the adverse employment action taken against me (my termination) was because of my race, national origin, and because I objected to these discriminatory practices at the City. Additionally, during my tenure with the City, I complained of disparity in my own pay as compared to my predecessors and current Directors of Hispanic descent. I believe that the disparity in my pay was due to the above protected categories.  I believe that I have been discriminated against because of my race, Black, national origin, African-American, and Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct. | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
|---|---|
| 8/15/14<br>Date                 Charging Party Signature | Subscribed and Sworn to before me this Date<br>8  18  2014<br>(month, day, year) |



RAYMOND SHAW<br>Notary Public - State of Florida<br>My Comm. Expires Apr 11, 2017<br>Commission # FF 7263

Exhibit "G"

On behalf of Commission(s) or employers, and applicable
CONFIDENTIAL (29 C.F.R. 1601.7(a))

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 510-2014-04818 | George W. Ruggiano,<br>Investigator | (305) 808-1805 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission



JAN 2 8 2016
(Date Mailed)

Enclosures(s)

Ozzie L. Black,
Acting District Director

| Charging Party's Representative | Respondent's Representative |
|---|---|
| Valerie Lewis Kriffin, Esq.<br>VALERIE LEWIS KRIFFIN, P.A.<br>401 N.W. 7TH Avenue<br>Ft. Lauderdale, FL 33311 | Angela Roberts<br>EODP Administrator<br>CITY OF MIAMI<br>Equal Opportunity/Diversity Programs Division<br>444 S.W. 2ND Avenue, Room 842<br>Miami, FL 33130 |

CERTIFIED MAIL

MIAMI DISTRICT OFFICE
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI TOWER
100 SOUTHEAST 2 STREET
SUITE 1500
MIAMI, FLORIDA 33131